UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Indianapolis Division

| | |
|---|---|
| KIRK LONAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. 1:24-cv-00996-RLY-MG |
| v. | ) |
| | ) |
| BRAD BURKHART, | ) |
| OFFICER JARVIS, | ) |
| SERGEANT AARON DAVIS, | ) |
| CAPTAIN BRIDGETTE FOY, and | ) |
| JEREMY T. FERRELL, | ) |
| | ) |
| Defendants. | ) |

# HANCOCK COUNTY SHERIFF DEFENDANTS' ANSWER TO PLAINTIFF'S *AMENDED COMPLAINT* AND DEMAND FOR JURY TRIAL

Defendants, Brad Burkhart, Officer Jarvis, Sergeant Aaron Davis, and Captain Bridgette Foy, ("Hancock County Sheriff Defendants"), by counsel, provide their Answer to Plaintiff's *Amended Complaint* [Doc. 10].

Plaintiff is *pro se*; he has presented claims through a series of filings, and those claims have been formulated through this Court's entries.

In the Court's Entry of October 21, 2024 [Doc.11], the Court stated that Plaintiff could present claims on these allegations against the Hancock County Sheriff Defendants:

- Fourteenth Amendment failure-to-protect claim against Sheriff Burkhart, Officer Jarvis, Sergeant Davis, and Captain Foy.

- Indiana negligence claim against Sheriff Burkhart, Officer Jarvis, Sergeant Davis, and Captain Foy.

Defendants therefore respond to those claims identified in the Entry of October 21, 2024 [Doc. 11]:

**Claim 1 – Failure to Protect, Fourteenth Amendment**

Defendants deny that any action or inaction on their part constitutes a violation of Plaintiff's rights under the Fourteenth Amendment.

**Claim 2 – Negligence Claims, Indiana State Law**

Defendants deny that any action or inaction on their part constitutes a violation of Plaintiff's rights under Indiana state law.

Further, Plaintiff failed to comply with the notice provisions of the Indiana Tort Claims Act, Indiana Code § 34-13-3-1, *et seq.*, and that failure bars any purported state law claims.

## AFFIRMATIVE DEFENSES

Defendants, Brad Burkhart, Officer Jarvis, Sergeant Aaron Davis, and Captain Bridgette Foy, ("Hancock County Sheriff Defendants"), by counsel, for their Affirmative Defenses to Plaintiff's Claims, allege and say:

1. Plaintiff has failed to state a claim for which relief can be granted.

2. Defendants specifically deny any and all alleged violations of Plaintiff's constitutional rights.

3. Defendants, Sheriff Brad Burkhart, Officer Jarvis, Sergeant Aaron Davis, and Captain Bridgette Foy, are entitled to qualified immunity.

4. Some or all of the Defendants had no personal involvement in the incidents at issue and thus cannot be subject to liability under 42 U.S.C. § 1983.

5. At all times relevant, Defendants, and/or their employees and agents, met the applicable standard of care with respect to treatment of Plaintiff.

6. Plaintiff's alleged injuries and damages are barred or reduced by Plaintiff's independent acts of negligent, reckless, and/or intentional conduct.

7. Plaintiff did not sustain any Constitutional deprivation based upon any custom or practice of the Defendants.

8. Defendants acted in good faith and had reasonable grounds for believing that any acts taken did not violate applicable federal or state laws.

9. Defendants acted in accordance with their authority pursuant to state and federal law.

10. Defendants' action or inaction did not proximately cause Plaintiff's damages and injuries.

11. With respect to any potential state law claims, Plaintiff's claims are barred by the Indiana Tort Claims Act, Ind. Code § 34-13-3-1, *et seq*.

12. With respect to any potential state law claims, Defendants are immune from liability based upon the Indiana Tort Claims Act, Ind. Code § 34-13-3-3, *et seq*.

13. With respect to any potential state law claims, Plaintiff's damages are limited by the Indiana Tort Claims Act, Ind. Code § 34-13-3-4.

14. With respect to any potential state law claims, Plaintiff's claims against individually-named Defendants are barred by the Indiana Tort Claims Act, Ind. Code § 34-13-3-5.

15. Defendants specifically deny they have negligence.

16. Defendants are not the proximate cause of Plaintiff's alleged damages.

17. Defendants breached no duty owed to Plaintiff.

18. Defendants are immune under common law.

19. Defendants hereby reserve any and all rights they may have to raise additional affirmative defenses.

WHEREFORE, Defendants, Brad Burkhart, Officer Jarvis, Sergeant Aaron Davis, and Captain Bridgette Foy, ("Hancock County Sheriff Defendants"), pray for judgment in their favor, that Plaintiff take nothing by way of his *Amended Complaint*, for costs of this action, and further request entry of all other just and proper relief.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Defendants, Brad Burkhart, Officer Jarvis, Sergeant Aaron Davis, and Captain Bridgette Foy, ("Hancock County Sheriff Defendants"), respectfully demand a trial by jury.

                                      Respectfully submitted,

                                      **TRAVELERS STAFF COUNSEL INDIANA**

By:   */s/ Daniel M. Witte*
         Daniel M. Witte, 18957-49

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically using the Case Management/Electronic Case Files ("CM/ECF") system and served via regular U.S. mail, postage pre-paid, upon the following person(s) on **December 19, 2024**:

Kirk Lonas
DOC# 296263
New Castle Correctional Facility
P. O. Box A
1000 Van Nuys Road
New Castle, IN 47362

By:   */s/ Daniel M. Witte*
         Daniel M. Witte, 18957-49

TRAVELERS STAFF COUNSEL INDIANA
280 East 96th Street, Suite 325, Indianapolis, IN 46240
***Mailing Address:*** P. O. Box 64093, St. Paul, MN 55164-0093
(317) 818-5121
dwitte@travelers.com

DMW:gb